UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RONALD D. GAINER,<br><br>          Petitioner,<br><br>v.<br><br>JAMES N. CROSS,<br><br>          Respondent. | Civil No. 06-440 (JMR/SRN)<br><br>**REPORT AND RECOMMENDATION** |

      Ronald D. Gainer, Federal Correctional Institution - Sandstone, P.O. Box 1000, Sandstone, Minnesota, 55072, Petitioner, pro se.

      Erika R. Mozangue, Assistant United States Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415, for Respondent.

SUSAN RICHARD NELSON, United States Magistrate Judge

      This matter is before the undersigned Magistrate Judge of the District Court on the petition of federal prisoner, Ronald D. Gainer, for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner claims that he will be kept in prison too long, because the federal Bureau of Prisons, ("BOP"), has wrongly determined that he cannot be granted a one-year reduction of his prison sentence, following his completion of a prison-sponsored drug rehabilitation program.  Respondent has filed a response, (Docket Nos. 4-6), contending that Petitioner is not entitled to any relief in this matter.

      The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court concludes that Petitioner's claims must be rejected, and this action must be dismissed with prejudice.

**I. BACKGROUND**

In June 2002, Petitioner was indicted in the United States District Court for the Eastern District of Wisconsin on two counts of violating federal drug laws. He later pleaded guilty to one of the charges, and the other was dismissed. On April 27, 2004, he was sentenced to 84 months in prison, to be followed by five years of supervised release. His prison term was later shortened to 51 months.

Petitioner has been serving his sentence at the Federal Correctional Institution in Sandstone, Minnesota, ("FCI-Sandstone"), since June 2005, and he is still incarcerated there at this time. His projected release date, (assuming he earns all available good time credits), is January 7, 2008.

Sometime after Petitioner arrived at FCI-Sandstone, he became enrolled in a BOP drug rehabilitation program called the Residential Drug Abuse Program, (or "RDAP"). The RDAP is offered by the BOP pursuant to 18 U.S.C. § 3621, which provides, in part, that –

> "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."

18 U.S.C. § 3621(e)(2)(B).

To successfully complete the RDAP, a federal prisoner must first participate in a minimum of 500 hours of program activities while confined in a special prison unit. After the prisoner completes that first phase of the RDAP, he must then complete a transitional phase, which involves counseling designed to ensure a successful transition back to the general prison population. The third and final phase of the RDAP involves a transition back to the community via confinement at a half-way house. (Declaration of Dr. Tamara Klein,

Ph.D., [Docket No. 6], p. 3, n. 1.) Although § 3621(e)(2)(B) does not guarantee any federal inmate that he will automatically get a reduced sentence if he successfully completes the RDAP, the mere possibility of a one-year sentence reduction undoubtedly motivates many federal prisoners to seek admission to the RDAP.

There are three important features of § 3621(e)(2)(B) that should be noted. First, only inmates who have been "convicted of a nonviolent offense" are potentially eligible for a reduced sentence upon successful completion of the RDAP. Second, a prisoner's sentence can never be reduced by more than one year. And third, the BOP retains the discretion to decide which statutorily eligible prisoners should actually be given a reduced sentence. The phrase "may be reduced," as used in § 3621(e)(2)(B), means that even if a prisoner has been convicted of a nonviolent offense, and he has successfully completed the RDAP, the BOP still does not have to reduce his sentence. See Lopez v. Davis, 531 U.S. 230, 241 (2001) ("[w]hen an eligible prisoner successfully completes drug treatment, the [BOP]... has the authority, but not the duty,... to reduce his term of imprisonment").

The BOP has used its discretionary authority under § 3621(e)(2)(B) to designate certain categories of inmates who will never be granted a sentence reduction, even if they have been convicted of a non-violent offense, and even if they successfully complete the RDAP. Those categories are described at 28 C.F.R. § 550.58(a)(1), which became effective in December 2000. The introductory clause of § 550.58(a)(1) states that "[a]s an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release...."

The BOP's categorical use of its discretion under § 3621(e)(2)(B) was approved by the Supreme Court in Lopez v. Davis, supra. There, the Court held that prisoners can be

categorically excluded from a § 3621(e)(2)(B) sentence reduction, even if they are presently incarcerated only for a non-violent offense.  While recognizing that the statute itself excludes only prisoners who have been convicted of violent offenses, the Court held that the discretionary authority provided by § 3621(e)(2)(B) permits the BOP to categorically exclude other prisoners from earning a reduced sentence.  Id. at 240-44.

One set of prisoners that is categorically excluded from earning a reduced sentence under § 3621(e)(2)(B)  is defined as follows:

> "(iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses."

28 C.F.R. § 550.58(a)(1)(iv).

The BOP has determined that Petitioner falls within the category described at § 550.58(a)(1)(iv), because he was convicted for armed robbery in 1977.  The BOP has therefore declared that Petitioner is categorically ineligible for a sentence reduction under § 3621(e)(2)(B).  In other words, even if Petitioner successfully completes the RDAP, he will not be considered for any sentence reduction pursuant to § 3621(e)(2)(B), because of his 1977 robbery conviction.  (Klein Decl., pp. 2-3, ¶s 5-6.)

Petitioner contends that the BOP has violated the Constitution's ex post facto clause, (Art. I, § 9, cl. 3), and due process clause, (Amend. V), by declaring him ineligible for a one-year sentence reduction under § 550.58(a)(1)(iv). He argues that the BOP is belatedly, and unconstitutionally, increasing his punishment for his 1977 armed robbery conviction, by denying him a one-year reduction of his current sentence based on a regulation, (§ 550.58(a)(1)(iv)), which went into effect long after he committed the crime that resulted in his 1977 conviction. Simply put, Petitioner believes that the BOP is using § 550.58(a)(1)(iv)

to re-punish him for a crime he committed thirty years ago.

Petitioner presented his arguments to the BOP in various applications for administrative relief, but those efforts were unavailing. After exhausting his BOP administrative remedies, Petitioner commenced the present habeas corpus action. He is seeking a court order that would declare him to be eligible for a one-year sentence reduction under § 3621(e)(2)(B). If Petitioner were awarded the one-year sentence reduction he is seeking, then, by his calculation, his release date would be moved up to January 2007. He would then be eligible for assignment to a half-way house immediately upon his completion of the RDAP program, which he expected to occur in September 2006. However, the Court concludes, for the reasons discussed below, that Petitioner's legal arguments are without merit, and that he is not entitled to any relief in this matter.

## II. DISCUSSION

Petitioner does not deny that he was convicted for armed robbery in 1977, and he acknowledges, (at least implicitly), that his 1977 conviction is one of the crimes listed in § 550.58(a)(1)(iv). Furthermore, Petitioner does not contest the BOP's authority to establish various categories of non-violent offenders who are deemed to be automatically ineligible for any sentence reduction under § 3621(e)(2)(B). (As noted above, that authority was expressly upheld by the Supreme Court in Lopez v. Davis.) Nor does Petitioner contend that § 550.58(a)(1)(iv) is wholly invalid or unconstitutional on its face.

Instead, Petitioner claims that § 550.58(a)(1)(iv) cannot be used to preclude him from obtaining a one-year reduction of his sentence, because that would effectively increase his punishment for his 1977 conviction, pursuant to a regulation that did not exist

when he committed his crime.[1]  According to Petitioner, the BOP is violating the ex post facto clause, (as well as the due process clause), by applying a post-1977 regulation to increase his punishment for his 1977 conviction.  Petitioner's ex post facto argument may have some superficial appeal, but it is clearly without merit.

"A law violates the ex post facto prohibition if it applies to events occurring before its enactment and causes an offender affected by it to suffer a disadvantage, either by altering the definition of particular criminal conduct or by increasing the punishment for the crime."  Burr v. Snider, 234 F.3d 1052, 1054 (8th Cir. 2000), cert. denied, 534 U.S. 844 (2001).  See also Duncan v. State, 152 U.S. 377, 382 (1894) ("an ex post facto law is one which imposes a punishment for an act which was not punishable at the time it was committed; or an additional punishment to that then prescribed"); Collins v. Youngblood, 497 U.S. 37, 42 (1990) ("the core concern of the Ex Post Facto clause" is implicated by "'[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed'"), quoting Calder v. Bull, 3 U.S. 386, 390 (1798) (Chase, J.) (emphasis in the original).

---

[1] Petitioner actually states, in both his petition and "traverse," (Docket No. 8), that § 3621(e)(2)(B) cannot be used to deny him a sentence-reduction.  That assertion, however, is clearly specious, as it obviously is the regulation, (§ 550.58(a)(1)(iv)), that makes him ineligible for a potential sentence reduction under § 3621(e)(2)(B), and not the statute itself.  The statute creates the possibility of a sentence reduction, and does not, by its own terms, disqualify Petitioner from having his sentence reduced.  Section 3621(e)(2)(B) "merely confers additional benefits to certain inmates as an incentive for participating in drug treatment and rehabilitation programs;" the statute "i[n] no way redefines any crime, increases any punishment, or in any way deprives Petitioner of any rights which he had prior to its enactment."  Paydon v. Hawk, 960 F.Supp. 867, 872, n. 6 (D.N.J. 1997).  Again, it is only the regulation, not the statute, that bars Petitioner from a sentence reduction.

If § 550.58(a)(1)(iv) did increase Petitioner's punishment for his 1977 bank robbery conviction, then his ex post facto argument might have to be taken more seriously. At most, however, the regulation only increases the punishment for the 2004 conviction for which he is now incarcerated.[2] If Petitioner had not committed his latest crime, then § 550.58(a)(1)(iv) obviously would not affect him at all.

A newly-enacted law that increases penalties for future offenses, based on pre-enactment convictions, is not an ex post facto law, because the new law does not increase the punishment for pre-enactment crimes, but rather, it increases the punishment only for new crimes. Gryger v. Burke, 334 U.S. 728, 731 (1948). See also United States v. Farmer, 73 F.3d 836, 840-41 (8th Cir.) (rejecting criminal defendant's ex post facto argument "that the three-strikes statute increases the punishment for crimes committed before its enactment"), cert. denied, 518 U.S. 1028 (1996).

In United States v. Allen, 886 F.2d 143 (8th Cir. 1989), a criminal defendant argued that his sentence under the then new federal Sentencing Guidelines violated the ex post

---

[2] In truth, § 550.58(1)(a)(iv) does not even increase the punishment for Petitioner's 2004 conviction. It must be remembered that § 3621(e)(2)(B) does not actually increase or decrease any inmate's sentence; the statute merely authorizes the BOP to reduce certain inmates' sentences, (by not more than one year), as the BOP sees fit. Thus, § 550.58(a)(1)(iv) never really increases any prisoner's sentence; it merely makes some prisoners – including Petitioner – ineligible for a possible discretionary sentence reduction. See Alexander v. Wendt, 127 Fed. Appx. 695, 696 (5th Cir.2005) (no ex post facto violation resulted from denial of early release under § 3621(e)(2)(B) because "[t]he application of the program statements and regulations to [petitioner] merely deprived him of an opportunity to take advantage of a discretionary early-release provision. They did not increase the penalty for his offense.") (unpublished opinion); Soto v. Sherman, No. C.A.05-316 ERIE, (W.D.Pa. Sept. 6, 2006), 2006 WL 2583564 at *6 (the "regulation at issue did not increase the penalty for Petitioner's offense; rather, it merely deprived him of an opportunity to take advantage of a discretionary early-release provision. Consequently, no ex post facto violation occurred.").

facto clause, "because his pre-Guidelines conduct was used to enhance the sentence for his post-Guidelines offense." Id. at 145. He claimed that his current sentence could not be increased based on criminal conduct occurring before the effective date of the new sentencing law, because that would, in effect, impose a new punishment for his old crimes, in violation of the ex post facto clause. The Court of Appeals rejected that argument, explaining that –

> "Under the Guidelines, the District Court is required to consider a defendant's prior conduct in determining his base offense level. This construction of the Guidelines' accumulation provision does not violate the Ex Post Facto Clause. This provision is very similar to a habitual-offender statute, in that it looks to a defendant's past criminal conduct in determining the degree of his current depravity. Habitual-offender statutes have long been upheld, since the extra sentence is viewed as a 'stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.' Gryger v. Burke, 334 U.S. [at 732].... <u>So long as the actual crime for which a defendant is being sentenced occurred after the effective date of the new statute, there is no ex post facto violation</u>."

Id. at 146 (emphasis added).

The reasoning of Allen is applicable here. The "new law" at issue in this case, § 550.58(a)(1)(iv), does <u>not</u> increase Petitioner's punishment for his 1977 conviction; it only affects his punishment for his 2004 conviction. Petitioner will undoubtedly disagree with this conclusion, and continue to argue that he really is being punished again for his 1977 conviction. That argument, however, is just as ineffective here as it has been in the many previous federal cases involving ex post facto challenges to repeat-offender statutes and sentence enhancement statutes. See e.g., Farmer, supra; United States v. Abraham, 386 F.3d 1033, 1038 (11th Cir. 2004) ("use of predicate felonies to enhance a defendant's sentence does not violate the Ex Post Facto Clause because such enhancements do not represent additional penalties for earlier crimes, but rather stiffen the penalty for the latest

crime committed by the defendant"), cert. denied, 126 S.Ct. 417 (2005); United States v. Ahumada-Avalos, 875 F.2d 681, 684 (9th Cir.) (although defendant "committed the first offense... prior to the enactment of the sentence enhancement statute, that statute was on the books at the time he committed the second offense. Hence, its application is not barred by the ex post facto clause."), cert. denied, 493 U.S. 837 (1989); United States v. Kaluna, 192 F.3d 1188, 1199 (9th Cir. 1999) (rejecting Petitioner's contention " that the three-strikes statute violates the Ex Post Facto Clause because it changes the legal consequences of his prior bad acts," and noting that the Supreme Court and other courts "uniformly have held that recidivist statutes do not violate the Ex Post Facto Clause if they are 'on the books at the time the [present] offense was committed'") (citations omitted), cert. denied, 529 U.S. 1056 (2000).

**III. CONCLUSION**

For the reasons discussed above, the Court finds that Petitioner was properly declared ineligible for a one-year sentence reduction under § 3621(e)(2)(B).[3] The BOP did not violate the ex post facto clause, (or the due process clause, or any other constitutional principle), when it determined that, under BOP regulation § 550.58(a)(1)(iv), Petitioner's 1977 armed robbery conviction makes him ineligible for a § 3621(e)(2)(B) sentence reduction. If § 550.58(a)(1)(iv) can be viewed as increasing Petitioner's punishment at all, (which is a dubious premise, accepted only for the sake of argument – see n. 2, supra), then, for ex post facto purposes, it must be viewed as increasing only the punishment for his 2004 conviction – not his 1977 conviction. Because the BOP did not violate the ex post

---

[3] Because Petitioner has properly been declared ineligible for a one-year sentence reduction, he is not entitled to the expedited transfer to a half-way house that he is seeking.

9

facto clause by applying § 550.58(a)(1)(iv) to Petitioner, the Court will recommend that Petitioner's habeas corpus petition be denied, on the merits, and with prejudice.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Docket No. 1), be DENIED; and

2. This action be DISMISSED WITH PREJUDICE.

Dated: September 18, 2006

    s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 4, 2006,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.